UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT SMITH,<br><br>        Petitioner,<br><br>v.<br><br>COLETTE GOGUEN,<br><br>        Respondent. | CIVIL ACTION<br><br>NO. 4:17-cv-40091-TSH |

<u>**ORDER AND**</u>
<u>**REPORT AND RECOMMENDATION**</u>

**August 31, 2018**

Hennessy, M.J.

    Petitioner Robert Smith, a prisoner in Massachusetts state custody, filed this habeas corpus petition against Respondent Colette Goguen pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition, docket #18, and Petitioner has moved for leave to file an amended petition, docket #34. District Judge Hillman referred both motions to me, the former for a report and recommendation, and the latter for a ruling. <u>See</u> docket #36. Both motions have been fully briefed and are ripe for adjudication. <u>See</u> docket #19 (Respondent's memorandum supporting dismissal); docket #28 (Petitioner's opposition to dismissal); docket #33 (Respondent's supplemental memorandum supporting dismissal); docket #35 (Respondent's opposition to Petitioner's motion for leave to file an amended petition).

    For the reasons that follow, I RECOMMEND that Respondent's motion to dismiss be GRANTED, and I ORDER that Petitioner's motion for leave to file an amended petition is DENIED AS MOOT.

1

I. BACKGROUND

On January 18, 2013, Petitioner was convicted in Massachusetts Superior Court of sexually abusing his son and daughter. See Commonwealth v. Smith, 51 N.E.3d 511, 2016 WL 3366518, at *1 (Mass. App. Ct. 2016) (table).[1] Specifically, Petitioner was convicted of five counts of rape and abuse of a child without force, three counts of rape and abuse of a child aggravated by an age difference, two counts of dissemination of obscene matter, and one count of sexual intercourse by inducing a chaste minor. See id.; docket #19-1 at 19-20. Petitioner's son and daughter testified against him at trial. See Smith, 2016 WL 3366518, at *1.

On January 24, 2013, Petitioner filed in the Superior Court a notice of appeal from his conviction.[2] See docket #19-1 at 20. He entered his direct appeal in the Massachusetts Appeals Court on May 2, 2013. See id. at 1, 21. Petitioner also filed, on February 24, 2014, three post-conviction motions in the Superior Court: two motions for post-conviction discovery, and a motion for a new trial. See id. at 21; Smith, 2016 WL 3366518, at *4. On March 25 and March 31, 2014, the Superior Court allowed in part and denied in part the two motions for post-conviction discovery. Docket #19-1 at 22. On October 2, 2014, the Superior Court denied the motion for a new trial. See id. at 24.

On November 18, 2014, Petitioner filed in the Superior Court a notice of appeal from the denial of his motion for a new trial. See id. On October 21, 2014, the Appeals Court consolidated into one proceeding Petitioner's direct appeal of his conviction and his collateral appeal of the Superior Court's post-conviction rulings.[3] See id. at 3-4. On June 17, 2016, the

---

[1] The Appeals Court's opinion is available in the record at docket number 19-1, pages 5-8.

[2] Petitioner also appealed his sentence. See docket #19-1 at 20.

[3] The Appeals Court consolidated Petitioner's direct and collateral appeals before Petitioner's notice of collateral appeal was filed. Compare docket #19-1 at 3 with id. at 24. Petitioner did not file a notice of appeal from the Superior Court's denials of his two motions for post-conviction discovery; but the parties addressed those denials in

2

Appeals Court denied Petitioner's consolidated appeal in an unpublished opinion.  See generally Smith, 2016 WL 3366518.

Under Massachusetts Rule of Appellate Procedure 27.1(a), Petitioner had twenty days from the date of the Appeals Court's opinion in which to timely file in the Massachusetts Supreme Judicial Court (the "SJC") an application for leave to obtain further appellate review (an "ALOFAR").  See Mass. R. App. P. 27.1(a).  Petitioner did not do so, nor did he file a habeas corpus petition in state court.

Instead, on June 8, 2017, almost one year after the Appeals Court denied his consolidated appeal, Petitioner filed the instant habeas corpus petition in this Court.[4]  See docket #1.  The petition pleads four grounds for relief: 1) the trial judge improperly excluded certain evidence; 2) improper evidence unfairly bolstered a complainant's credibility; 3) the prosecutor's summation inappropriately appealed to the jury's sympathy; and 4) the Superior Court erroneously denied one of Petitioner's post-conviction motions for discovery.  See docket #1-1 at 1-5.

In lieu of filing a return, Respondent moved to dismiss.  Docket #18.  Respondent argues that Petitioner failed to exhaust state-court remedies by not seeking in the SJC discretionary review of his appeal.[5]  See docket #19 at 3-4.

---

their Appeals Court briefs, and the Appeals Court reviewed and affirmed them.  See Commonwealth v. Smith, 51 N.E.3d 511, 2016 WL 3366518, at *4 n.12 (Mass. App. Ct. 2016) (table).

[4] The petition is undated, see docket #1 at 15, and was docketed by this Court on June 8, 2017.  As docketed, its even-numbered pages are blank.

[5] Respondent also argues that Petitioner does not qualify for a stay and abeyance of the instant petition.  See docket #19 at 4-7.  Because Petitioner has withdrawn his motion to stay and abey the petition, see docket #30, I will not address that argument.  Likewise, I will not address Respondent's argument that if the instant petition were dismissed without prejudice, and Petitioner then filed a subsequent petition reasserting his claims, the subsequent petition "likely" would be time-barred.  See docket #19 at 4-5 & 4 n.3.  That argument should be raised in response to a subsequent petition, should Petitioner choose to file one.

Petitioner opposes dismissal.  See docket #28.  Along with his opposition brief, Petitioner filed (among other things) a notarized affidavit of his son.  See docket #29 at 12-15.  The affidavit purports to recant the son's trial testimony.  In substance, it avers that Petitioner's son and daughter had an incestuous sexual relationship.  Id. at 12.  It states that Petitioner did not participate in that relationship.  Id. at 13.  According to the affidavit, at one point, the daughter incorrectly believed that her brother had gotten her pregnant; in order to avoid getting in trouble for having sex with her brother, she falsely accused Petitioner of having sex with her.  Id. 12-13.  The daughter then pressured the son to falsely tell the police that Petitioner had raped her.  Id. at 13.  The son repeatedly tried to tell the police the truth, "but they wouldn't accept it," so he told the police the false story of abuse that "[the daughter] and I planned out."  Id.  The affidavit states that the son never has had sex with Petitioner; that Petitioner never had group sex with the son and daughter; that the son never saw Petitioner have sex with the daughter; that the daughter told the son she had never had sex with Petitioner; and that the daughter "made the whole thing up."  Id.

On October 13, 2017, after Respondent filed the instant motion to dismiss, Petitioner filed in the SJC a motion for leave to file a late ALOFAR.  See docket #29 at 8; docket #33-1 at 2.  Later that day, the SJC granted Petitioner's motion for leave to file.  See docket #33-1 at 2.  The same day, Petitioner also filed the ALOFAR itself.  See docket #29 at 9; docket #33-1 at 2.  On November 30, 2017, the SJC denied the ALOFAR.  See id.

Shortly before the SJC denied the ALOFAR, Petitioner moved to stay and abey the instant petition.[6]  Docket #27.  Petitioner thereafter withdrew that motion.  See docket #30.

---

[6] Petitioner's motion to stay and abey is dated November 24, 2017, see docket #27 at 5, and was docketed by the Court on December 4, 2017.

4

On January 16, 2018, Petitioner moved for leave to file an amended petition. Docket #34. Respondent opposes that motion. See docket #35. Respondent does not take issue with the substance of Petitioner's proposed amended petition, but rather contends that the proposed amendments are futile because they will not cure Petitioner's failure to exhaust state-court remedies before filing the instant petition. See id. at 1.

II.     STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") instructs that a federal court shall not grant a habeas corpus petition filed by a prisoner "in custody pursuant to the judgment of a State court . . . unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . ." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Accordingly, the exhaustion requirement must be satisfied before a federal habeas corpus petition is filed. See Woodford v. Ngo, 548 U.S. 81, 92 (2006) ("The habeas statute generally requires a state prisoner to exhaust state remedies before filing a habeas petition in federal court." (citing 28 U.S.C. §§ 2254(b)(1), (c))); see also Domaingue v. Butterworth, 641 F.2d 8, 14 (1st Cir. 1981) ("Our practice has been to determine the question of exhaustion as of the time a habeas corpus petition was filed, not as of the time the case is heard on appeal, and to require a new petition to be filed if state remedies are subsequently exhausted." (citing Belbin v. Picard, 454 F.2d 202, 204 (1st Cir. 1972))); Belbin, 454 F.2d at 204 ("It is the availability of state remedies at the time the application is filed . . . that is determinative of the question of exhaustion. Any other rule would only encourage prisoners to bring federal writs prematurely, counting on opportunity to amend later." (citing Fay v. Noia, 372 U.S. 391, 399

(1963))). An unexhausted claim is subject to dismissal. See, e.g., Corliss v. Cummings, 277 F. Supp. 3d 195, 198 (D. Mass. 2017) ("Because no Massachusetts court has had the opportunity to remedy any constitutional violations, this Court must grant respondent's motion to dismiss." (citing 28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 518 (1982))).

In Massachusetts, a habeas corpus petitioner in state custody must present his or her claims to the SJC before pursuing those claims in federal court. See, e.g., Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) ("[The exhaustion] standard must be met, as a general rule, by 'fairly present[ing]' a federal claim 'within the four corners of the ALOFAR.'" (second alteration in original) (quoting Mele v. Fitchburg Dist. Ct., 850 F.2d 817, 823 (1st Cir. 1988))); Johnson v. Roden, No. 16-1419, 2017 WL 4773221, at *3 (1st Cir. Sept. 14, 2017) ("It is the law in this circuit that claims that were presented to the Appeals Court, but not mentioned in the ALOFAR, are not exhausted." (citing Clements, 485 F.3d at 168)); see also O'Sullivan, 526 U.S. at 839-40 (noting that the exhaustion requirement typically requires that a petitioner "present his claims to a state supreme court in a petition for discretionary review").

The First Circuit has noted that "[t]here may be an exception to the exhaustion bar for cases involving colorable claims of actual innocence." Coningford v. Rhode Island, 640 F.3d 478, 482 n.2 (1st Cir. 2011) (citing House v. Bell, 547 U.S. 518, 522 (2006)); see Bourdon v. Goings, No. 15-cv-138-LM, 2017 WL 2539790 (D.N.H. Apr. 27, 2017) (citing Coningford and assuming, without deciding, that the exception exists), report and recommendation adopted sub nom. Bourdon v. N. N.H. Corr. Facility, No. 15-cv-138-LM, 2017 WL 2539755 (D.N.H. June 12, 2017); Builes v. Wigen, No. 13-cv-12222-NMG, 2014 WL 2916844, at *2 (D. Mass. June 25, 2014) (citing Coningford and recognizing the exception). The applicable standard is as follows:

6

> To access the "actual innocence" or "miscarriage of justice" exception, a petitioner must make "a credible showing of actual innocence." McQuiggin v. Perkins, [569 U.S. 383, 392] (2013). "Actual innocence" in this context, "means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). The actual innocence exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner]'" in light of that new evidence. McQuiggin, [569 U.S. at 395] (citation omitted).

Bourdon, 2017 WL 2539790, at *1 (second alteration in original). In assessing an actual innocence claim, the Court "may consider how the timing of the [petitioner's] submission and the likely credibility of [a petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence]." McQuiggin, 569 U.S. at 399 (omission and second and third alterations in original) (quoting Schlup, 513 U.S. 298, 332 (1995)) (citing House, 547 U.S. at 537).

III.    ANALYSIS

    A.    Respondent's Motion to Dismiss

I find that Petitioner failed to exhaust state-court remedies before filing the instant petition. I therefore recommend dismissal. In order to satisfy AEDPA's exhaustion requirement, Petitioner had to seek in the SJC discretionary review of his appeal. See, e.g., Clements, 485 F.3d at 162 (quoting Mele, 850 F.2d at 823); see also Johnson, 2017 WL 4773221, at *3 (citing Clements, 485 F.3d at 168). Moreover, he had to do so before filing the instant petition in federal court. See Woodford, 548 U.S. at 92 (citing 28 U.S.C. §§ 2254(b)(1), (c)). But Petitioner did not seek review in the SJC until October 2017, more than four months after the instant petition was filed. See docket #29 at 8-9; docket #33-1 at 2. Thus, none of the petition's claims were exhausted when this action began, rendering the petition subject to dismissal. See, e.g., Corliss, 277 F. Supp. 3d at 198 (citing 28 U.S.C. § 2254(b)(1); Rose, 455 U.S. at 518).

Petitioner's opposition to dismissal, docket #28, does not meaningfully resist this conclusion. Filed before Petitioner withdrew his motion for a stay and abeyance, the opposition

first argues that the motion to stay and abey should be granted. See id. at 2 (arguing that Petitioner had "good cause for not exhausting his claims first in state court"). Petitioner's opposition then recognizes that "[t]his Court could dismiss this case without prejudice." Id. For the reasons set forth above, dismissal is the proper course of action in this case. See Adelson v. DiPaola, 131 F.3d 259, 264 (1st Cir. 1997) ("Because the petitioner did not present his federal claim to the Massachusetts courts face-up and squarely, the district court properly dismissed his habeas petition, without prejudice, for lack of exhaustion." (internal quotation omitted)).

      The potential "actual innocence" exception does not relieve Petitioner of his duty to exhaust in this case. Petitioner's actual innocence claim, see docket #28 at 3, relies on the affidavit of his son, which purports to recant the son's trial testimony, and avers that the son and daughter fabricated their allegations of abuse. Petitioner argues that the affidavit supports a "credible claim[] of innocence" because it shows that "the complainant himself is stating he lied to the courts and that both he and his sister lied" that Petitioner sexually abused them. Id.

      I find that the affidavit does not sufficiently call into question Petitioner's guilt. At Petitioner's trial, Petitioner's daughter testified that he subjected her to extensive sexual abuse. See Smith, 2016 WL 3366518, at *1. The record contains no indication that the daughter has recanted her testimony, which was corroborated not only by the testimony of Petitioner's son, but also by forensic evidence including a sperm sample found on the floor of the daughter's bedroom, and by incest-related pornography found in Petitioner's bedroom. See id. As noted by the Superior Court, the police also recovered sex toys, adult videos, and magazines from Petitioner's home, "just as [Petitioner's children] described them." Docket #34-1 at 30. Indeed, the Superior Court's opinion denying Petitioner's motion for a new trial described the strength of the prosecution's case as "overwhelming" and "extremely strong." Id. at 28, 29-30.

Moreover, the affidavit's assertion that the son "tried to tell [the police] the truth . . . about 5 times . . . , but they wouldn't accept it," docket #29 at 13, is implausible. There is no indication that the son's purported exculpatory statements came out at trial. See Smith, 2016 WL 3366518, at *1 ("The Commonwealth provided testimony from the son that corroborated the daughter's narrative."). Such statements, had they occurred, most likely would have emerged during cross-examination of the son or a police officer present for questioning; alternatively, if defense counsel learned of the statements and chose not to address them, counsel presumably did so for a strategic reason. The affidavit's timing—filed after Respondent moved to dismiss on exhaustion grounds—and the lack of any other new evidence corroborating the affidavit's contents further call into question the affidavit's reliability. Cf. McQuiggin, 569 U.S. at 399 (quotation and citation omitted). For all these reasons, I find that Petitioner has failed to carry the heavy burden of showing it is more likely than not that no reasonable juror faced with the son's affidavit would have convicted him.

In sum, because Petitioner failed to exhaust state-court remedies before the instant petition was filed, and because the evidence fails to support an actual innocence exception to the exhaustion requirement, I recommend that Respondent's motion to dismiss be granted.

B. Petitioner's Motion for Leave to File Amended Petition

Having recommended dismissal, I order that Petitioner's motion for leave to file an amended petition is denied as moot. However, because District Judge Hillman could reject my recommendation that Respondent's motion to dismiss be granted, I also will address the merits of Petitioner's motion in the interest of completeness. I find that Petitioner's proposed amendments would be futile. For this reason, too, Petitioner's motion should be denied.

Petitioner has offered three reasons why his motion should be granted.  None is persuasive.  First, Petitioner argues that an amended petition would "relate back" to the original petition.  See docket #34 at 1.  Under the relation back doctrine, certain amended pleadings "relate[] back to the date of the original pleading."  Fed. R. Civ. P. 15(c)(1).  Thus, if Petitioner's amended petition related back to the original petition, the amended petition would be treated as though it was filed on June 8, 2017—the date Petitioner's original petition was filed.  See docket #1; see also supra note 4.  The problem with this argument is that none of Petitioner's claims were exhausted when the original petition was filed.  An amended petition therefore would still be subject to dismissal even if, under the relation back doctrine, it were treated as though filed on June 8, 2017.  Indeed, if anything, allegations in the amended petition that Petitioner exhausted his claims in state court would simply highlight the defect in the original petition.  The relation back doctrine, if applied, therefore would not remedy Petitioner's failure to exhaust.

Second, Petitioner argues that the proposed amended petition remedies the defects identified in Respondent's motion to dismiss.  See docket #34 at 2.  That argument is incorrect.  As explained above, exhaustion is assessed "as of the time a habeas corpus petition was filed."  Domaingue, 641 F.2d at 14; see Rose, 455 U.S. at 520 ("[AEDPA] §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court.").  One reason for this rule is to not "encourage prisoners to bring federal writs prematurely, counting on opportunity to amend later."  Belbin, 454 F.2d at 204.  The First Circuit has warned that permitting a petitioner to cure by amendment a failure to exhaust, rather than requiring the petitioner to file a new petition, is disapproved.  See id.  Here, it is undisputed that Petitioner exhausted state-court remedies only after the original petition was filed, making dismissal appropriate.  See id.

Third, Petitioner argues that he is entitled to amend the petition under Federal Rule of Civil Procedure 15(a). But Petitioner's opposition brief recognizes that the Court need not permit him to amend the petition if the proposed amended petition "is doomed not to survive a motion to dismiss." Docket #34 at 2 (quoting Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1057 n.4 (7th Cir. 1998)). In other words, "[l]eave to amend may be denied if the record shows that the proposed amendment would be futile." Schillinger v. N.H. State Prison Warden, No 12-cv-423-JD, 2013 WL 548452, at *1 (D.N.H. Feb. 12, 2013) (citing Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007); Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts). So here.

### Conclusion

I RECOMMEND that Respondent's motion to dismiss, docket #18, be GRANTED.[7] Further, I ORDER that Petitioner's motion for leave to file an amended petition, docket #34, is DENIED AS MOOT.

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[7] The parties are notified that a party who objects to any portion of this Report and Recommendation must file written objections within fourteen days of receiving it. The written objections must specifically identify the basis for each objection and the portions of the proposed findings, recommendations, or report to which objection is made. See Fed. R. Civ. P. 72(b)(2). The U.S. Court of Appeals for the First Circuit repeatedly has held that failure to comply with this rule waives the right to review of this Report and Recommendation in the District Court and precludes appellate review of the District Court's order based on this Report and Recommendation. E.g., Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017) (citation omitted); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168-69 (1st Cir. 2016) (citations omitted); see also Thomas v. Arn, 474 U.S. 140 (1985).